**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE DOMAIN NAME SERVICED BY WIX.COM, INC. | ML No. 19-ml-499 |

*Reference:*   DOJ Ref. # CRM-182-62839; Subject Account: www.southbanco.com

**APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Agreement between the United States of America and the Republic of Poland on the Application of the Treaty between the United States of America and the Republic of Poland on Mutual Legal Assistance in Criminal Matters signed 10 July 1996, pursuant to Article 3(2) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union signed at Washington 25 June 2003, Poland-U.S., June 9, 2006, S. TREATY DOC. NO. 109-13 (2006) (hereinafter, the "Agreement"), to execute a request from the Republic of Poland ("Poland").  The proposed Order would require Wix.com, Inc. ("PROVIDER"), an electronic communication service and/or remote computing service provider located in San Francisco, California, to disclose certain records and other information pertaining to the PROVIDER account associated with www.southbanco.com, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order.  The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order.

In support of this application, the United States asserts:

## **LEGAL BACKGROUND AND JURISDICTION**

1. PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. Pursuant to the applicable treaty, this Court has jurisdiction to issue the proposed Order. *See* Agreement Annex art. 5(1) (authorizing courts to issue orders necessary to execute the request). In addition, this Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. 18 U.S.C. § 2703(d). Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3. Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1). This application to execute Poland's request has been duly authorized

by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application. The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Poland in connection with a criminal investigation and/or prosecution.

4. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

**RELEVANT FACTS**

5. Authorities in Poland are investigating an unknown suspect for fraud offenses, which occurred from on or about March 14, 2017 to March 20, 2017, in violation of the criminal law of Poland, specifically, Articles 13 and 286 of the Polish Criminal Code. A copy of the applicable laws is appended to this application. The United States, through the Office of International Affairs, received a request from Poland to provide the requested records to assist in

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

the criminal investigation and/or prosecution.  Under the Agreement, the United States is obligated to render assistance in response to the request.

6.      According to authorities in Poland, they are investigating Southbanco for attempted fraud based on the representations made on the company's website, www.southbanco.com (hereinafter referred to as "the website").  Poland's Financial Supervision Authority ("FSA") is responsible for the supervision of the financial market and protection of consumers.  The FSA's regulatory authority includes granting authorization for financial institutions to accept funds from consumers.  The FSA initiated the investigation into Southbanco and then referred it to the District Prosecutor's Office.  The investigation has yet to identify any specific victims of fraud, but Southbanco is under investigation because it is not authorized to serve as a financial institution, leading authorities to investigate for criminal activity.

7.      On March 17, 2017, FSA personnel analyzed the contents of the website and found several significant misrepresentations that led FSA to suspect that the Southbanco organization is actually a fraud scheme, including the representation that it is affiliated with a licensed financial institution (hereafter referred to as "Bank").  Southbanco's false claim that it was operating under the license of the Bank gave unknowning consumers the inaccurate impression that Southbanco was operating under the supervision of the FSA, and that Southbanco's assets are covered by Poland's Deposit Guarantee.

8.      Southbanco also listed the telephone number of another individual working in the financial services industry as its contact information on the website.  When the person was interviewed he denied any connection with Southbanco.

9.      Southbanco's website offered services identical to a bank, including offering

loans, interest bearing deposits, and savings accounts. The FSA never granted Southbanco authorization to engage in the business of accepting funds from persons and organizations, extending loans, or exposing consumers to financial risks.

10. According to FSA, the interest rates offered by Southbanco are an indication that the company is a pyramid scheme. The Bank determined that the rates and services offered on Southbanco's website were not profitable for a real financial institution.

11. Polish authorities determined that the website was created on March 14, 2017, based on open source information. FSA's last visit to the website was March 20, 2017. By March 20, 2017, the website had removed references about its affiliation with the Bank and the banking services Southbanco allegedly provided. Instead, the website stated that it was in the process of modernizing the website.

12. The Bank reported the website to NASK (Naukowa i Akademicka Sieć Komputerowa), Poland's research and academic computer network, and the website was subsequently blocked. On September 21, 2017, Polish investigators confirmed that the website was no longer functioning.

13. The website is hosted by PROVIDER. Polish authorities are requesting non-content information from PROVIDER in an effort to identify and locate the individual(s) that invited the public to entrust its money to an unauthorized banking institution.

## REQUEST FOR ORDER

14. The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help authorities in Poland identify and locate the individual(s) who are responsible for the criminal activity under

investigation, and to determine the nature and scope of that criminal activity. Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: _____
Tracy M. Johnson
Trial Attorney
WI Bar Number 1023069
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C. 20530
(202) 616-1487 telephone
(202) 514-0080 facsimile
Tracy.Johnson2@usdoj.gov

## **Relevant Provisions of the Polish Criminal Code**

Article 13, paragraph 1

Any person who with an intention to commit a prohibited deed, in his/her behavior directly aims at commission of such deed, will be liable for an attempt to commit a prohibited deed, even in case no such deed has been committed.

Article 286, paragraph 1

Any person who, in order to gain financial benefit, commits fraud causing another person to disadvantageously administer his/her property or third party property, by misleading such person, or taking advantage of his/her mistake, or inability to properly understand the action undertaken, will be liable to imprisonment of 6 months to 8 years.